

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 AUG 21 AM 10: 53

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARVIN L. BISHOP, *PRO SE*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:15-CV-0033 |
| J.O. WYATT PHARM. ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff MARVIN L. BISHOP, acting *pro se*, has filed suit pursuant to the Civil Rights Act of 1964, Title 42, United States Code, sections 1981, 1983, 1985, and 1987, Title 18, sections 241 and 242, as well as the Americans with Disabilities Act, complaining against J.O. WYATT PHARMACY and four employees at that pharmacy. Plaintiff has been granted permission to proceed *in forma pauperis*. Process has not issued pending preliminary screening of plaintiff's complaint.

**SCREENING REQUIREMENT**

When an individual seeks to proceed in forma pauperis, the Court must review the complaint and identify "cognizable claims." *See* 28 U.S.C. § 1915(a)-(b). Upon review, the Court must dismiss any portion of the complaint or the entire complaint if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). A claim is frivolous when it has no arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 32-33, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), or when the facts alleged rise to the level of the

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

**PLEADING STANDARDS**

A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. FED.R.CIV.PRO. 8(a). The pleadings of pro se litigants are held to "less stringent standards" then pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Although pro se pleadings are liberally construed, a plaintiff is ultimately the master of his choice of actions, and even a pro se complaint should not be so broadly interpreted as to include a claim not urged. *See Lazard v. Chevron U.S.A. Inc.*, Civ. Action No. 90-2019, 1991 WL 68303, at *3 (E.D.La. Apr.21, 1991).

The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 922, 152 L.Ed. 2d 1 (2002). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court noted:

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions

> devoid of further factual enhancement.
>
> * * *
>
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation omitted]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation omitted.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation omitted]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). When factual allegations are well-pled, a court should assume their truth and determine whether the facts make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

**PLAINTIFF'S BEST CASE**

Dismissal of a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend is not erroneous if the court determines the plaintiff has alleged his best case. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986)(if the court determines that the complaint at hand alleges the plaintiff's best case, there is no need to remand for a further factual statement from plaintiff.). The required opportunity to amend does not does not mean that a plaintiff must be allowed to continue to amend or supplement his pleading until he stumbles upon a formula that carries him over the threshold. *Jacquez v. Procunier,* 801 F.2d 789, 792 (5th Cir. 1986). "At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause has

not been established, the court should finally dismiss the suit." *Id.*

In the instant suit, plaintiff filed an original complaint on January 15, 2015. Feeling uncertain as to the acts or omissions upon which plaintiff had based his claims, the Court issued a Briefing Order and Questionnaire to elicit factual allegations showing each defendant's acts. Plaintiff filed his Questionnaire Response on March 4, 2015.

After reviewing plaintiff's Questionnaire Response in conjunction with his original complaint, the Court issued a March 23, 2015 Order to Amend or Show Cause by which the Court informed plaintiff of the relevant pleading standards. The Court pointed out the lack of factual allegations to support plaintiff's claims of discrimination and warned him he had not alleged sufficient factual matter to support a claim for relief that was plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Plaintiff was also informed he had alleged no facts showing any or all of the defendants had acted under color of state law and that most or all of his causes of action did not cover claims against purely private parties.

To cure these defects, plaintiff filed his May 6, 2015 Amended Complaint.

The Court finds plaintiff has had ample opportunity to present his claims and any facts which support them and has stated his best case.

Plaintiff has failed to cure the pleading deficiencies identified in the March 23, 2015 Order to Amend or Show Cause and this case should be dismissed for failure to state a claim on which relief can be granted.

**PLAINTIFF'S ALLEGATIONS**

In his May 6, 2015 Amended Complaint, plaintiff states he is a sixty-year old, Christian

American male of "White Irish, Blackfeet Indian and African" ancestry. Plaintiff says the defendants' wrongful acts were triggered by animus based on his "age, color, race, and disabilities (medical and mental health)." Plaintiff claims the defendants violated his federal constitutional and statutory rights when they "refused to give privilege[d] information, verbally and non-verbally harassed, abused and assaulted him for exercising his right to file greivances [sic], [and] lied on a written report that caused plaintiff to be kicked out [of] the entire facility."

By the Statement of Facts in his Amended Complaint, plaintiff alleges defendant OLIVIA LNU subjected him to "long-term verbal and non-verbal harassment(s), abuse(s) and attack(s)" which continued even after a grievance was filed against her. Plaintiff says that, after he filed a grievance against defendant OLIVIA LNU, whenever he came to her in patient intake, she would loudly call for a co-worker to wait on him. By his March 4, 2015 Questionnaire response, plaintiff alleges that, on the date in question, he addressed defendant OLIVIA LNU, saying, "Ma'am please, can you let me know what meds I can get?" and she responded, "No, I'm not looking up nothing!" He says she "violently [swung] the computer round and told him to look it up. Plaintiff says, instead, he looked up the patients' rights and vision/mission statement of the defendant PHARMACY and filed a grievance on OLIVIA LNU.

By his March 4, 2015 Questionnaire response to Question no. 3, plaintiff says after he filed a grievance on defendant OLIVIA LNU, he spoke to defendant R.Ph. BRENT COLLIER and that COLLIER'S tone of voice was harassing. Plaintiff says defendant COLLIER came out of the pharmacy and tried to talk to plaintiff three times, saying "Mister Bishop," twice. Plaintiff says he [plaintiff] kept talking to defendant JOLENE BARRARAS (also present at that time) and the third time COLLIER tried to talk to him, plaintiff "shouted out, 'Why are you treating me like

I'm the villan [sic] and she's the victim!'" Plaintiff says defendant COLLIER then told BARRARAS to get security, but plaintiff states he left then. Plaintiff says defendant R.Ph. BRENT COLLIER used the incident as retaliation to get plaintiff kicked out of the clinic. By his Amended Complaint, plaintiff alleges COLLIER lied on an official report written by defendant BARRARAS, saying that plaintiff had threatened him with violence. Plaintiff contends this was a conspiracy set in motion by defendants GIBBS and BARRARAS to violate plaintiff's rights.

Plaintiff says defendant GIBBS violated his rights when he denied plaintiff an audience with defendant OLIVIA LNU "to resolve this now out of control conflict." In his March 4, 2015 Questionnaire response to Question no. 4, plaintiff says he asked defendant Admin. GIBBS, in front of defendant BARRARAS, if the three of them (plaintiff, GIBBS, and OLIVIA LNU) could meet and talk. Plaintiff states he gave GIBBS both of his telephone numbers and that GIBBS said he would call plaintiff when he set up the meeting, but it never happened. By his Amended Complaint, plaintiff alleges he asked GIBBS, "Don't you police your employees against verbally and non-verbally harassing patients?" Plaintiff says defendant GIBBS then "reared back in his chair, put his hands behind his head and stared at [plaintiff] for a minute as if to say, 'Who does this N____r think he is, he's not running nothing!' [underline added]."

As to defendant BARRARAS, plaintiff alleges in his Amended Complaint that she lied and wrote a false report stating to administrative staff that plaintiff had threatened physical violence against R.Ph. BRENT COLLIER and plaintiff was terminated from the pharmacy, the clinic and mental health counseling. By his March 4, 2015 Questionnaire response, plaintiff states that, on the day he filed his grievance against OLIVIA LNU, defendant BARRARAS asked

him to come back to her office, where she told him to "Find another pharmacy." Plaintiff says he responded that he would see her Monday when he came back to get his medications.

By his Amended Complaint, plaintiff states he is suing defendant J.O. WYATT PHARMACY "for not upholding Plaintiff's constitutional, civil and patient rights during their sloppy investigation of grievances filed against plaintiff and for not screening these racist[s] before hiring them." Plaintiff states the defendant PHARMACY "initiated a sloppy investigation into plaintiff's complaints and grievances against all the above Defendants by members of the Amarillo Bi-City-County Health District."

Lastly, when asked by the Questionnaire, to give any additional facts which would show how his constitutional or federal statutory rights were violated, plaintiff's March 4, 2015 response stated the defendants' actions caused him denial of the use of the pharmacy and the W.O. Wyatt Clinic due to the allegedly false accusation that he had threatened them and that the denial was in retaliation for his having filed grievances.

Plaintiff states he has suffered violations of his rights under the First, Fourth, Eighth, Ninth and Fourteenth Amendments, and "42 USC 1987; 1983; 1985, 241 & 242," 42 USC 1981, Title VII of the Civil Rights Act of 1964, "the Age Discrimination Act of 1975 42 U.S.C. ss 6101-6107," the "Americans with Disabilities Act 42 U.S.C.ss 12101 et seq.," "the Prohibition against retaliation and coercion, 42 U.S.C.ss 12203 et seq.," Conspiracy against Rights Title 18, U.S.C. Section 241, "Conspiracy, freedom of speech without retaliatory actions under the First Amendment and applicable statutes, freedom of speech to a greivance [sic] process without conspiracy of retaliation pursuant to 1st and 9th amendments of the U.S. Constitution, and equal protection under the Fourteenth Amendments due process clause." Plaintiff also alludes to the

Wyatt Pharmacy Mission and Vision Statements and Patients' Rights.

As relief, plaintiff requests an order declaring the defendants' conduct violated various rights of plaintiff's, an injunction prohibiting defendants and others from engaging in any of the unlawful treatment set forth in the Complaint and preventing them from future deceptive acts or statements, an order requiring defendants to forfeit and pay to the General Fund of the State of Texas and to plaintiff maximum civil penalties for unfair treatment and practices, an order requiring defendants to pay one third of the damages as legal fees for the costs and expenses of this action incurred by plaintiff, as well as compensatory and punitive damages in the amount of $350,000.00, additional damages (due to extreme negligence), and an order requiring plaintiff's reinstatement in the PHARMACY, Clinic, and Mental Health Facilities.

**Pharmacy Mission and Vision Statements and Patients' Rights**

Plaintiff indicated, on his Civil Cover Sheet, that the basis of jurisdiction was "Federal Question." Title 28, United States Code, section 1331 states that the district courts shall have original jurisdiction of all civil actions arising under the laws and treaties of the United States. Plaintiff does not specify what part of the Pharmacy's Mission and Vision Statements or list of Patients' Rights was violated, but there is no indication these have been incorporated into the laws of the United States. To the extent the defendant Pharmacy's Mission and Vision Statements or list of Patients' Rights was violated, such a violation, by itself, is not a matter within the jurisdiction of the federal court and will not support a grant of relief. By this allegation, plaintiff has failed to state a claim on which relief can be granted.

**"The Civil Rights Act of 1964"**

Title II of the Civil Rights Act of 1965 set forth in 42 U.S.C. §§ 20000a, et seq., prohibits

discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin. See 42 U.S.C. §§ 20000a-1, 20000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting deprivation of an individual's right not to be subjected to such discrimination).

Plaintiff has not alleged facts showing the alleged discrimination was "carried on under color of any law, statute, ordinance, or regulation or . . . any color of any custom or usage required or enforced by the officials of the State or political subdivision thereof." See 42 U.S.C. §§ 2000a(d). The defendant PHARMACY and the individual defendants appear to be private actors. Plaintiff has alleged no fact to support a determination otherwise.

Moreover, plaintiff's allegations do not provide a basis to support an inference that he was discriminated against on the bases of his race, color, religion, or national origin. Plaintiff states that, at one point, defendant GIBBS "reared back in his chair, put his hands behind his head and stared at [plaintiff] for a minute as if to say, 'Who does this N____r think he is, he's not running nothing!' " Plaintiff's speculation concerning what defendant GIBBS' was thinking is not a sufficient basis to support an inference of prohibited motivation. Plaintiff has failed to allege facts to support his claims of discrimination.

**42 U.S.C. § 1981**

Section 1981 provides in relevant part that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . as enjoyed by white citizens." 42 U.S.C. § 1981. Proof of intent to discriminate is necessary to establish a violation of section 1981. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 390-91, 102 S.Ct. 3141, 3149-50, 73 L.Ed.2d 835 (1982). Therefore, while the federal

rules only require that intent be pled generally, FED.R.CIV.PRO. 9(b), under section 1981 the plaintiff must at least allege facts which would support an inference that the defendants intentionally and purposefully discriminated against him. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186-87, 109 S.Ct. 2363, 2377-78, 105 L.Ed.2d 132 (1989).

Plaintiff has not alleged facts from which an inference of intentional and purposeful discrimination may be made. Plaintiff's factual allegations do not support a claim that the defendants discriminated against him on a prohibited basis. Plaintiff has failed to state a claim of a violation under Title II.

**42 U.S.C. § 1983**

Title 42, United States Code, section 1983 is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Section 1983 protects any citizen or other person within the jurisdiction of the United States from the deprivation of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Some claims of a violation of rights secured by various Constitutional Amendments may be vindicated through section 1983.

Among his other claims, plaintiff appears to argue he suffered retaliation because he exercised his First Amendment right of Free Speech when he lodged a grievance against defendant OLIVIA LNU. The caselaw treating retaliation for grievances as a violation of constitutional rights arises is grounded in the First Amendment right to petition the government for relief. Such First Amendment rights must be vindicated through section 1983.

Section 1983 does not cover claims against purely private parties. *See Richard v.*

*Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). In order to state a claim under Title 42, United States Code, section 1983, the plaintiff must show two elements: (1) the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

Plaintiff has alleged no fact showing any one or more of the defendants acted under color of state law, that is, that any one or more of the defendants was a state actor. Plaintiff has failed to demonstrate the Court has jurisdiction under section 1983 over the defendants named herein. Plaintiff has failed to state a claim under section 1983.

**42 U.S.C. 1985**

Section 1985 prohibits a conspiracy to interfere with civil rights. The elements of a claim under section 1985 are: (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy. *Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir. 1969). Plaintiff has failed to allege facts any discriminatory intent on any prohibited basis by any or all of the defendants and has failed to show the existence of a conspiracy to accomplish such discrimination. Plaintiff has failed to allege facts showing the defendants acted under color of state law or authority. Plaintiff has failed to state a claim under section 1985.

**42 U.S.C. § 1987**

Section 1987 authorizes specified officials to arrest, imprison, bail, or institute proceedings against persons violating specified statutes. Plaintiff has failed to allege facts which would indicate a violation of any of the statutes specified and support a claim under section 1987.

**AGE AND DISABILITY**

Although plaintiff claims his treatment was also motivated by discrimination against him based upon his age and/or medical or mental health disabilities, plaintiff has not alleged any fact to support an inference of such impermissible motive by any defendant. Plaintiff has failed to state a claim of discrimination on the basis of age or disability.

**18 USC 241 and 242**

Section 241 of Title 18 prohibits two or more persons from conspiring to injure, oppress, threaten or intimidate any person within the jurisdiction of the United States in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States or because of his having so exercised the same. Section 242 prohibits the deprivation of any person's rights, privileges, or immunities secured by the Constitution or laws of the United States or the imposition of different punishments, pains, or penalties because of a person's alien status, his color, or race. Plaintiff has failed to allege facts from which the inference may be drawn that a conspiracy existed to prevent his free exercise of his constitutional or federal statutory rights or a deprivation of such rights because of a prohibited motive.

## CONCLUSION

Based upon the Court's review of plaintiff's amended complaint and his Questionnaire responses, which are considered to be part of plaintiff's complaint for purposes of this review,

and liberally construing plaintiff's claims in deference to his status as a *pro se* litigant, see *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), the Court finds plaintiff has failed to state a federal cause of action on which relief may be granted.

The Court informed plaintiff of the relevant pleading standards in the March 23, 2015 Order to Amend or Show Cause. The Court pointed out the lack of factual allegations to support plaintiff's claims of discrimination and warned him he had not alleged sufficient factual matter to support a claim for relief that was plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Plaintiff was also informed he had alleged no facts showing any or all of the defendants had acted under color of state law and that most or all of his causes of action did not cover claims against purely private parties.

Plaintiff's May 6, 2015 Amended Complaint fails to cure these defects.

Plaintiff has not presented facts showing the defendants, or any of them, were state actors.

Plaintiff's claims of discrimination are not supported by any factual allegations showing prohibited motivation. The Court has viewed plaintiff's allegations of discrimination in the light most favorable to him and finds plaintiff has not alleged sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To the extent plaintiff is also attempting to assert federal claims of medical malpractice, plaintiff does not indicate defendant is a federally funded healthcare facility, in which case the proper defendant would be the United States. He also does not plead compliance with the Federal Tort Claims Act and is, therefore, unable to proceed on a medical malpractice claim.

IT IS THEREFORE ORDERED that the Complaint by MARVIN L. BISHOP is

DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

To the extent plaintiff is attempting to assert state claims of medical malpractice, the Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.

It is SO ORDERED.

Signed this the _____ 2/4 day of August, 2015.

_____
MARY LOU ROBINSON
United States District Judge